### 22810. BOLTON et al. v. THE STATE.

CANDLER, Justice. Indictments were returned at the April term, 1964, of Clarke County Superior Court against Mary Bolton and six other Negroes charging them with violating Georgia's anti-trespass statute (Ga. L. 1960, p. 142; *Code Ann.* § 26-3005) which makes it a penal offense for any person to refuse to leave the premises of another, "when requested to do so by the owner or any person in charge of said premises, or the agent or employee of such owner or such person in charge." The specific charge against the defendants is that they "being in the place of business and on the premises of The Varsity Drive-In of Georgia, Inc., did refuse and fail to leave said place of business when requested to do so by Doyle Jarrett, the manager thereof and the person in charge thereof." The indictments were transferred to the City Court of Athens for trial. The defendants filed pleas of not guilty and the evidence introduced on their trial shows: The Varsity Drive-In of Georgia, Inc. is a public eating place about one mile from Athens, Georgia, on State Highway No. 29—the highway between Athens and the City of Atlanta. It sells food to the students of the University of Georgia, to the local people of Athens and Clarke County, and to *everybody* who wishes to patronize its place of business, except Negroes. The defendants went there in an orderly manner and expressed their desire to purchase food and were denied service solely because they were Negroes. After being refused service, they sat down on the floor in such place of business and remained there until arrested and removed therefrom to the city's stockade by police officers. They were convicted of the offense charged on May 24, 1964, and each was sentenced to serve a prison term of 18 months and to pay a fine of $500. They moved for a new trial and excepted to the overruling of their motions. *Held:*

We treat this case as involving a place of public accommodation covered by the Civil Rights Act of 1964 (78 Stat. 214, Title

II, §§ 201, 202, 203). Under that statute, a place of public accommodation is defined to include one which serves or offers to serve interstate travelers. As a public eating place, this drive-in's offer to serve *everybody*, without qualification or limitation, who desires to purchase food from it, except Negroes, is unquestionably the holding out of an offer by it to serve white interstate travelers. So applying the rules of § 201 (b) (2), (c) of the Civil Rights Act of 1964 to the facts of this case, we find and hold that this public eating place offers to serve interstate travelers and under the majority holding of the Supreme Court of the United States in Hamm v. City of Rock Hill (South Carolina), and Lupper v. State of Arkansas, 379 U.S. 306 (13 LE2d 300), both of which were decided in one opinion on December 14, 1964, these convictions must be vacated and the prosecutions dismissed, notwithstanding the offense charged against each of these defendants was committed and convictions therefor were obtained prior to the passage of the Civil Rights Act of 1964. In those two cases the majority held that the Civil Rights Act of 1964 forbids discrimination in specified places of public accommodation and removes peaceful attempts to be served on an equal basis from the category of punishable activities. While those majority holdings do not accord with our conception of the meaning and purpose of the provisions of the Constitution of this State and the Constitution of the United States which prohibit the enactment of ex post facto or retroactive laws (*Code* §§ 1-128, 2-302), we are, under our oaths, nevertheless required to follow them and we will therefore do so in these cases; and being so required, we therefore hold that these pending convictions are abated by the 1964 Civil Rights Act and it is ordered that the sentences imposed on each of these defendants be vacated and that the charge against each defendant be dismissed.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 1965—DECIDED FEBRUARY 8, 1965.

*Howard Moore, Jr.,* for plaintiffs in error.
*Preston Almand, Solicitor,* contra.