**Dick GREGORY et al., Appellants,**

**v.**

**Joseph MEYER, a/k/a Joe Meyer, etc., Appellee.**

**No. 23948.**

United States Court of Appeals Fifth Circuit.

May 1, 1967.

Howard Moore, Jr., Atlanta, Ga., James M. Nabrit, III, New York City, Jack Greenberg, Charles Stephen Ralston, New York City, for appellants.

John F. M. Ranitz, Jr., Savannah, Ga., Pierce, Ranitz & Lee, Savannah, Ga., for appellee.

Before BROWN and BELL, Circuit Judges, and BREWSTER, District Judge.

BELL, Circuit Judge.

Appellants sought injunctive relief under the Civil Rights Act of 1964, 42 U.S.

C.A. § 2000a–3, against the defendants, owner and manager of the Burger Boy Drive-In Restaurant of Savannah, Georgia. It was contended that the restaurant was a place of public accommodation within the meaning of the Act and that appellants, members of the Negro race, were denied service. The defendants admitted that they refused to serve Negroes but denied coverage. The District Court denied relief, holding that the restaurant was not within the coverage of the Act.

The Act provides, in pertinent part, as follows:

§ 201 (42 U.S.C.A. 2000a(b) (2) and (c)):

(b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this sub-chapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:

* * * * * *

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; * *

* * * * * *

(c) The operations of an establishment affect commerce within the meaning of this subchapter if * * (2) in the case of an establishment described in paragraph (b) of this section, it serves or offers to serve interstate travelers or a substantial portion of the food which it serves * * has moved in commerce; * * *.

It will thus be seen that coverage of the restaurant depends on any one of three facts having been established: (1) that it serves or offers to serve interstate travelers, or (2) that a substantial portion of the food which it serves has moved in commerce, or (3) that the discrimination or segregation is supported by state action.

There was no showing that the discrimination was supported by state action. The proof, however, was more than ample otherwise and we reverse. Only the factual conclusions reached are in dispute. There is no dispute as to the underlying facts. The conclusions of the District Court that the restaurant did not offer to serve interstate travelers, and that the proof did not establish that a substantial portion of the food served had moved in interstate commerce are clearly erroneous.

■ The restaurant in question was located three blocks from a federal highway and was on a street which was an extension of the highway. All comers, except Negroes, were served. The Act covers a restaurant that offers to serve interstate travelers. As the Supreme Court of Georgia said in a similar case:

"As a public eating place, this drive-in's offer to serve everybody, without qualificaton or limitation, who desires to purchase food from it, except Negroes, is unquestionably the holding out of an offer by it to serve white interstate travelers."

Bolton v. State, 1964, 220 Ga. 632, 140 S.E.2d 866.

There the restaurant was on the highway; here it is in such close proximity to the highway as to make it probable that it will have interstate patrons. The testimony was that customers were not questioned as to tourist status, and that tourists were not rejected as customers. One white interstate customer was served without inquiry as to his status. As the United States points out in an amicus curiae brief, this is not the "isolated or remote lunchroom" referred to in Heart of Atlanta Motel, Inc., v. United States, 1964, 379 U.S. 241, 275, 85 S.Ct. 348, 13 L.Ed.2d 258. Concurring opinion of J. Black.

■ The District Court found also that the proof did not establish that a

substantial portion of the food which the restaurant served had moved in commerce. The proof did not show the total dollar amount of the food served in the restaurant which had moved in interstate commerce. It did show that the restaurant had annual sales of $70,856. These included sales of coffee and tea in the amount of approximately $5,000, which coffee and tea had moved in interstate commerce. It showed that its main dish was hamburgers. Two-thirds of its sales volume consisted of beef products which came to Savannah from Augusta, Georgia. The meat packer in Augusta purchased twenty to thirty per cent of the cattle used in its operation from South Carolina. The restaurant used additional products in its service which had moved in interstate commerce including grits, hot cake and waffle batter mix, cereals, mayonnaise, pickles, tomato juice, chili sauce, beans, gravy bases, macaroni, rice, peas, tobasco sauce, soups, extracts, flour, cookies, and catsup.

This proof brings the case within the rationale of Katzenbach v. McClung, 1964, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290, involving Ollie's Barbecue, a family owned restaurant in Birmingham, Alabama. Ollie's purchased $150,000 worth of food locally of which forty six per cent was meat that had been procured from outside Alabama. There the District Court found that a substantial portion of the food served in the restaurant had moved in interstate commerce. The Supreme Court held that this finding was an adequate basis for coverage. This question of amount is relative and it may not be said here that a substantial portion of the food served had not moved in interstate commerce.[1]

The District Court erred in granting summary judgment for the defendants, and in having failed to grant summary judgment for appellants. The restaurant offered to serve interstate travelers within the meaning of the Act. Also, a sub-

stantial portion of the food it served had moved in interstate commerce.

Reversed and remanded with directions to enter summary judgment for appellants.

---

1. See legislative history to the effect that the Act uses the term "substantial" as meaning anything more than a minimal or insignificant amount. Hearings on S.

1732 before the Senate Committee on Commerce, S.Rep.No. 872, 88th Cong., 2d Sess., pp. 171–173, 212, 229.