400 F.2d 239
 E. W. WOOTEN, W. G. Hickman, R. M. Whitehead, Annie B. Davis, Hauana Suggs, Roberta Suggs, Alberta C. Edwards, Clara B. Saunders, Dorothy Williams and L. C. Nixon, Appellees,
v.
John MOORE, trading and doing business as Moore's Barbecue Restaurant, Appellant.
 No. 11897.
 United States Court of Appeals Fourth Circuit.
 Argued March 7, 1968.
 Decided September 5, 1968.
 
 Douglas P. Connor, Mount Olive, N. C., for appellant.
 J. LeVonne Chambers, Charlotte, N. C. (Conrad O. Pearson, Durham, N. C., Jack Greenberg and Michael Meltsner, New York City, on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and MERHIGE, District Judge.
 BUTZNER, Circuit Judge:
 
 
 1
 John Moore appealed an order of the district court, entered pursuant to Title II of the Civil Rights Act of 1964, enjoining him from discriminating against Negroes in the operation of Moore's Barbecue Restaurant. The action was brought by Negroes who had been denied service on account of their race. Moore admits he does not serve Negroes, but he contends that the operations of his restaurant do not have a substantial effect upon interstate commerce and that the district court lacked constitutional and statutory authority to grant the injunction. We affirm the order of the district court and remand the case for the allowance of counsel fees to the plaintiffs.
 
 
 2
 Moore's restaurant is located on Broad Street, which is also U. S. Highways 17 and 70, in New Bern, North Carolina. Parking spaces are provided between the building and the street and to one side of the building. The restaurant has accommodations for about 100 people. Moore posted signs with 1¾ inch lettering in the windows by the entrances:
 
 
 3
 "We do not cater to interstate patrons and the principal foods sold in this restaurant are North Carolina products."
 
 
 4
 Also on the premises are much larger signs bearing the name of the restaurant. Moore advertises extensively on the radio and in newspapers. A newspaper in which he advertises is given to all persons who register in a New Bern motel. Neither the large signs nor the advertisements mention the origin of the food that is served or place any restrictions on clientele.
 
 
 5
 Moore testified that if he determined that prospective customers were interstate travelers, he refused service. He admitted, however, that not every interstate traveler could be excluded.[1]
 
 
 6
 Six white persons testified that they had been served at the restaurant without being questioned concerning their interstate status. All six were strangers to Moore and his employees. One of the witnesses came from Washington, D. C., the day before the trial. The other five witnesses, four of them nonresidents of North Carolina temporarily working in the state, had visited the restaurant on two separate occasions in groups of two and three.
 
 
 7
 Section 201 of the Act [42 U.S.C. § 2000a] provides in part:
 
 
 8
 "(a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.
 
 
 9
 "(b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
 
 
 10
 * * * * * *
 
 
 11
 "(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises * * *
 
 
 12
 * * * * * *
 
 
 13
 "(c) The operations of an establishment affect commerce within the meaning of this subchapter if * * * it serves or offers to serve interstate travelers or a substantial portion of the food which it serves * * * has moved in commerce * * *."
 
 
 14
 The three grounds for coverage found in subsection (c) are in the alternative. Only the third, the movement in commerce of a substantial portion of food, requires a showing of substantiality.[2] We agree with the district judge that Moore's restaurant served interstate travelers. This establishes a basis for coverage. The district judge concluded, however, that the evidence failed to disclose an offer to serve interstate travelers. We disagree. Whether a restaurant offers to serve interstate travelers must be determined objectively and not from the subjective intent of the owner. The location of Moore's restaurant on a street that serves as two federal highways, his unrestricted newspaper and radio advertising, and his readiness to serve white strangers without interrogation concerning their status demonstrate that he offered to serve white travelers, regardless of their residences. Against this background, Moore's proclamation that his restaurant did not "cater to interstate patrons" and his refusal to serve known interstate travelers is scant objective evidence to the contrary. Cf. Gregory v. Meyer, 376 F.2d 509, 510 (5th Cir. 1967).[3]
 
 
 15
 Moore argues that in the absence of a direct and substantial connection between his operation and interstate commerce, an injunction was constitutionally impermissible. The constitutional issues raised by this argument have been foreclosed. In the first place, the fact that Moore serves, or offers to serve, interstate travelers provides a sufficient constitutional basis for subjecting him to the Act. Congress has plenary power to regulate this phase of interstate commerce. Cf. Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 253, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964). Secondly, the triviality of the impact of Moore's restaurant upon interstate commerce does not preclude application of the Act. The effect upon interstate commerce of Moore's business combined with that of similar establishments is not trivial. This circumstance also affords a basis for Congressional regulation. Cf. Katzenbach v. McClung, 379 U.S. 294, 299, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); Wickard v. Filburn, 317 U.S. 111, 127, 63 S.Ct. 82, 87 L.Ed. 122 (1942).
 
 
 16
 The district judge did not allow the plaintiffs counsel fees. After his decision, the Supreme Court held that "one who succeeds in obtaining an injunction under * * * [Title II of the Civil Rights Act of 1964] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). These circumstances do not appear in this case, and upon remand the district court should include reasonable counsel fees as part of the costs.
 
 As modified, the judgment is
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Moore testified:
 "Q. Do you serve anyone whom you determine to be from outside of North Carolina? A. No, sir.
 "Q. Mr. Moore, can you keep out every person who is from outside of North Carolina? A. It is impossible for me to keep everyone out.
 "Q. For example today, suppose someone should come to your place of business who is walking, and just walks in at the rush hour, and giving no indication of driving a car of any kind.
 "Would that person be served? A. Well, I would think that he wouldn't be an — excuse me. Yes, sir. We would not think that would be an interstate traveler."
 
 
 [2]
 An unsuccessful effort was made in the House of Representatives to amend the Act by striking "it serves or offers to serve interstate travelers" and inserting in its place "a substantial number of the patrons it serves are interstate travelers." 110 Cong.Rec. 1984, 1987 (1964)
 
 
 [3]
 The district court, having found the restaurant subject to the Act because it served interstate travelers, did not make detailed findings of fact with respect to the third test — food that moved in interstate commerce. It totaled the cost of items that Moore purchased from out of state suppliers. This, however, is not the sole basis upon which the substantiality of products moving in commerce is determined. In addition to out of state purchases, there should have been included all out of state products furnished by Moore's North Carolina suppliers. Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). We express no opinion concerning coverage under the third test, but in view of our disposition of the case, it is unnecessary to remand for further findings on this issue