## S91A1352. LANGTON v. THE STATE.
(413 SE2d 708)

BENHAM, Justice.

This is an appeal from appellant's conviction for criminal trespass. The statutory provision under which appellant was prosecuted reads in pertinent part as follows:

> A person commits the offense of criminal trespass when he knowingly and without authority . . . [r]emains upon the . . . premises of another . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart. [OCGA § 16-7-21 (b).]

She was charged with that offense for remaining in the parking lot of a Georgia Department of Labor facility after being directed to leave by a security guard and by the supervisor of the facility. Appellant's defense was that her presence was authorized because she was engaged in expressive activity protected by the First Amendment to the United States Constitution. Specifically, she was distributing leaflets encouraging older workers to unite in order to gain political power to oppose age discrimination.

In *State v. Raybon*, 242 Ga. 858, 861 (252 SE2d 417) (1979), this court held that the defendant's absence of authority to be present is an element of the offense of criminal trespass, and cited *Bolton v. State*, 220 Ga. 632 (140 SE2d 866) (1965), for the proposition that in some instances, the right of entry may not be denied. The defendants in *Bolton* were charged with and convicted of criminal trespass when they refused to leave a restaurant after being denied service on account of their race. Their convictions were reversed by this court because they had a right to be present under the Civil Rights Act of 1964. We agree, therefore, with appellant's argument that if she had a right under the First Amendment to the United States Constitution to engage in expressive activity at the time and place involved here, she could not be convicted of criminal trespass because the State would not be able to prove that she was present "without authority."

The difficulty in resolving this issue is exacerbated by the procedure followed in the trial court. The question of appellant's right to be present for expressive purposes was considered by the trial court in the context of appellant's motion to dismiss the accusation. Applying the United States Supreme Court's "forum analysis" approach (see *United States v. Gilbert*, 920 F2d 878, 884 (11th Cir. 1991)), the trial court determined that the parking lot of the Department of Labor facility is a nonpublic forum and that the State's denial of access to that site for expressive purposes was reasonable. Based on that rul-

ing, the trial court, although denying a motion in limine to prevent mention of appellant's reason for being in the parking lot, directed the defense not to inject the issue of First Amendment rights into the trial. To complicate matters, the trial court's ruling on that issue was based on a set of assumptions rather than on evidence. One of the assumptions on which the trial court obviously relied was that the restriction on expressive activity involved in this case concerned only the parking lot in which appellant was arrested, and that the restriction was based on regulations intended to protect the free flow of traffic and the conduct of the State's business. At trial, however, it became apparent that the restriction was other than that assumed by the trial court for the purpose of the motion to dismiss: the State's witnesses testified that appellant was asked to leave the Department of Labor premises on the basis of an unidentified regulation forbidding the distribution of all written communication on all state property.[1]

> The government, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated. Nothing in the Constitution requires the government freely to grant access to all who wish to exercise their right of free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities. Even when acting in its proprietary capacity, however, the government does not enjoy absolute freedom from First Amendment constraints. The extent to which the government can control access depends on the nature of the relevant forum. [Citations and punctuation omitted.] [Id. at 884.]

The problem presented by the breadth of the restriction in the present case is that it leaves no room for determining to which fora it applies. The only evidence at trial is that all written expression is forbidden on all state property. Under even the most relaxed standard of review applied in forum analysis, the restriction must be reasonable. Id. We find it self-evident that a total ban on written expression on all state property, without regard to the intended use of any particular sites, some of which are certainly the parks and public streets considered traditional public fora (id.), would be unreasonable. For that reason, we hold that the purported restriction was unconsti-

---

[1] The purported regulation involved here has never been identified by the State at trial or on appeal, and we are aware of no regulations of this state imposing so sweeping a restriction on expressive activity.

tutional and did not validly restrict appellant's right to be present for the purpose of expressive activity. Our holding herein must not be misunderstood to constitute a declaration that all property owned by the State of Georgia is now totally open to all expressive activity by all persons, or even that all state-owned parking lots are available for that purpose. In that regard we hold only that the asserted restriction on which this appellant's conviction was based was invalid, and we express no opinion regarding any other restrictions on the use of state-owned property for expressive purposes.

The undisputed evidence is that appellant was on the premises of the Department of Labor solely for expressive purposes, and since there is no evidence that any valid restriction forbade that conduct, the unmistakable conclusion is that, as a matter of law, appellant was on the property under the "authority" of the free speech guarantees of the First Amendment to the United States Constitution. It follows, then, that the "without authority" element of the offense of criminal trespass was not established by the State at trial. That being so, the evidence was not sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support appellant's conviction.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Hunt and Fletcher, JJ., concur; Bell, J., concurs in the judgment only.*

DECIDED FEBRUARY 20, 1992.

*Bruce S. Harvey,* for appellant.
*Ralph T. Bowden, Jr., Solicitor,* for appellee.